Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AMEN TRADING, INC., a California Corporation; WON HEE BAE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 11-7938 PA (CWx)<br><br>**ORDER AND CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITHOUT PREJUDICE**<br><br>JS-6 |

   WHEREAS Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach") and Defendants Amen Trading, Inc. and Won Hee Bae (collectively "Defendants") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter.  Defendants, having agreed to consent to the below terms, it is hereby **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

   1.   This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

   2.   Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively "Coach Marks").

3. Plaintiffs have alleged that Defendants' purchase, importation, distribution, advertisement, offering for sale, and sale of products which infringe upon the Coach Marks constitute trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act, and under the common law.

4. Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon Plaintiffs' trademarks either directly or contributorily in any manner, including:

(a) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping or marketing goods bearing a mark or feature identical and/or confusingly similar to the Coach Marks;

(b) Delivering, holding for sale, returning, transferring or otherwise moving, storing or disposing in any manner any products bearing marks identical and/or confusingly similar to the Coach Marks;

(c) Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Plaintiffs, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiffs or Plaintiffs' genuine merchandise;

(d) Committing any other acts calculated to cause purchasers to believe that Defendants' products are Plaintiffs' genuine merchandise or associated with Plaintiffs in any way;

(e) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to 5(d) above.

5. Plaintiffs and Defendants shall bear their own costs and attorneys' fees associated with this action.

6. The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

7. The parties have entered into a Settlement Agreement in which Defendants are required to make payments over a period of time.  Once Defendants have made all settlement payments, Plaintiffs will file another Stipulation to Consent Judgment which dissolves this action with prejudice.  However, until then, this action shall be resolved *without prejudice*.

IT IS SO ORDERED.

Date:  July 12, 2012

_____
Hon. Percy Anderson
**United States District Judge**